WARREN ALAN BASCO          CIVIL ACTION NO. 1:17-CV-00~~972~~ 962

VERSUS                                 CHIEF JUDGE DRELL

GENERAL MOTORS, L.L.C.       MAGISTRATE JUDGE PEREZ-MONTES

## JURISDICTIONAL REVIEW FINDING

Before the Court is a Complaint filed in this Court by Plaintiff Warren Alan Basco. Basco premises federal jurisdiction on diversity of citizenship (Doc. 1).

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). Thus, Defendants have the burden of proving this Court has diversity jurisdiction.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction

depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Basco alleges he is a citizen of Louisiana.

Basco further alleges that General Motors, L.L.C. is a limited liability company owned by General Motors Holdings, L.L.C., which is owned by General Motors Company, a Delaware corporation with its principal place of business in Michigan. Therefore, General Motors, L.L.C. is a citizen of Delaware and Michigan.

Accordingly, diversity jurisdiction is established. No further action is necessary at this time. This finding is preliminary in nature, and may be reconsidered sua sponte or upon appropriate motion.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  10th  day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge